23-1233
In re: Qutoutiao Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

Present:
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges*,
> LEWIS J. LIMAN,
> > *District Judge.**

———————————————————

JAMES PAPPAS,

> *Lead Plaintiff-Appellant*,

> v.                                          23-1233

QUTOUTIAO INC., JINGBO WANG, XIAOLU ZHU, SHAOQING JIANG, JIANFEI DONG, OLIVER YUCHENG CHEN, CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., LEI LI, CHINA MERCHANTS SECURITIES (HK) CO., LTD., UBS SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., ERIC SILIANG TAN, YONGBO DAI, JAMES JUN PENG, FENG LI, CLSA LIMITED, HAITONG INTERNATIONAL

———————————————————

*   Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

SECURITIES COMPANY LIMITED, JEFFERIES GROUP
LLC, LIGHTHOUSE CAPITAL INTERNATIONAL INC.

*Defendants-Appellees.*[†]

---

FOR PLAINTIFF-APPELLANT:

RICHARD CIPOLLA (Ivy T. Ngo & Devin "Velvel" Freedman, *on the brief*), Freedman Normand Friedland LLP, Boston, MA, and Miami, FL.

FOR DEFENDANTS-APPELLEES:

BO BRYAN JIN (George S. Wang & Eric Yang, *on the brief*), Simpson Thatcher & Bartlett LLP, New York, NY; (Jonathan Rosenberg, B. Andrew Bednark, and Amber L. Covucci, *on the brief*), O'Melveny & Myers LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

In this consolidated class action, Lead Plaintiff-Appellant James Pappas ("Plaintiff") appeals from the district court's judgment dismissing the claims brought against Qutoutiao Inc. ("QTT"), its officers and directors, and its underwriters (together, "Defendants"). Plaintiff, an investor in QTT, asserts claims under the 1933 Securities Act ("Securities Act") and the 1934 Securities Exchange Act ("Exchange Act") for alleged misstatements and omissions in connection with QTT's September 2018 initial public offering ("IPO") and its April 2019

---

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

secondary public offering ("SPO"). The district court dismissed the complaint for failure to state a claim for relief. *See In re Qutoutiao, Inc. Sec. Litig.*, 2023 WL 4977499 (S.D.N.Y. Aug. 3, 2023). On appeal, Plaintiff challenges the district court's dismissal only as to his claims under Sections 11, 12(a)(2), and 15 of the Securities Act.

QTT is a Chinese mobile content aggregator that makes money by selling advertisements on its app. Chinese law and regulations prohibit entities such as QTT from disseminating untrue, inaccurate, or otherwise noncompliant advertising and entertainment content. Plaintiff alleges that QTT flouted those laws and regulations to profit from illegal advertisements. As relevant here, Plaintiff claims that QTT's offering documents in connection with the IPO and SPO contained numerous misstatements and omissions actionable under the Securities Act including: (1) the offering documents represented that QTT had effective measures to screen out illegal advertisements; (2) Defendants omitted that a material amount of QTT's revenue derived from illegal advertisements; and (3) Defendants failed to disclose related party transactions.

The district court granted Defendants' motions to dismiss all of Plaintiff's claims pursuant to Federal Rule of Procedure 12(b)(6). *See In re Qutoutiao*, 2023 WL 4977499. The district court held that Plaintiff's Securities Act claims sound in fraud and thus must satisfy the requirements of Federal Rule of Procedure 9(b). *Id.* at *14. Resultingly, the district court found that Plaintiff's claims failed to plead facts with particularity as to each defendant for any of Plaintiff's Securities Act claims and dismissed those claims. *Id.* at *15–16.

"We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff argues on appeal that the district court erred in applying the heightened pleading requirements of Rule 9(b) to the Securities Act claims because those claims sound in negligence rather than fraud.    We agree.

"When assessing the sufficiency of claims under [S]ections 11 and 12(a)(2) of the Securities Act, the structure of the analysis is guided by a preliminary inquiry into the nature of the plaintiff's allegations." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010).    "[W]hile a plaintiff need allege no more than negligence to proceed under Section 11 and Section 12(a)(2), claims that do rely upon averments of fraud are subject to the test of Rule 9(b)." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004); *see, e.g.*, *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 183 (2d Cir. 2014) ("Where, as here, the claims sound in fraud—indeed, they are identical to plaintiffs' tax fraud claims under § 10(b)— the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies, requiring that the circumstances of the alleged fraud be set forth in the complaint with particularity.").    At the same time, however, the Rule 8 notice pleading standard applies where the "plaintiff alleges negligent preparation of the registration statement and prospectus, rather than fraudulent preparation," *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 620–21 (2d Cir. 2009) (summary order), or where the complaint "explicitly does not allege fraud," *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011).    *See, e.g.*, *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 120 (2d Cir. 2013) (applying Rule 8 pleading standard to Section 11 and 12 claims); *In re Morgan Stanley*, 592 F.3d at 358 (same).    Nothing in Rule 9 or in this Court's prior decision in *Rombach* forecloses pleading Section 10(b) fraud and

4

Section 11 negligence as alternatives with the former claim to be governed by Rule 9(b) and the latter by Rule 8.

In assessing the applicable pleading standard, *Rombach* instructs district courts to look not only to whether allegations are "styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action" but also to "the conduct alleged." 355 F.3d at 171. A plaintiff cannot avoid the strictures of Rule 9(b) by the mere expedient of disclaiming that its claims sound in fraud. Furthermore, a Section 11 or Section 12(a)(2) claim joined with a Section 10(b) claim is subject to Rule 9(b) where the plaintiff makes only "'nominal efforts'" to plead a negligence-based claim and makes "'no effort . . . to show any other basis for the claims levied at the Prospectus'" other than that the defendant acted with scienter. *Id.* (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996)). However, a Securities Act claim sounding in negligence or strict liability will not be subjected to the heightened standard of Rule 9(b) merely because of the complaint's other claims. *See id.* at 171–72, 178 (applying Rule 9(b) standard to certain Securities Act claims sounding in fraud but applying Rule 8 standard to additional Securities Act claim sounding in negligence). A plaintiff may retain the application of the Rule 8 notice pleading standard by expressly pleading negligence, disclaiming fraud, eschewing language in its Section 11 or Section 12(a)(2) claims implying fraud or the elements thereof, and separating allegations supporting fraud claims from allegations supporting negligence claims. *See, e.g.*, *Garber v. Legg Mason, Inc.*, 537 F. Supp. 2d 597, 612 (S.D.N.Y. 2008) (applying Rule 8 pleading standard where "plaintiffs have specifically disclaimed any component of fraud in their Sections 11 and 12(a)(2) claims" and those allegations "clearly 'sound in

5

negligence,' do not rely on fraudulent acts, and allege no fraudulent intent." (quoting *Rombach*, 355 F.3d at 178)), *aff'd*, 347 F. App'x 665 (2d Cir. 2009) (summary order).

After thoroughly examining the complaint, we conclude that the district court erred in its determination that Plaintiff's Securities Act claims sound in fraud. Plaintiff's Securities Act claims are framed in the classic language of negligence and strict liability: Plaintiff claims that Defendants failed to satisfy their "duty to make [a] reasonable and diligent investigation" to ensure that the offering documents did not contain misstatements or omissions. Plaintiff alleges, for example, that "the Underwriter Defendants had continual access to confidential corporate information concerning the Company's business, financial condition, products, plans, assets, and growth prospects" and that a "reasonable investigation" by them "would have revealed that the Offering Documents contained false and/misleading statements and/or omissions," and further alleges that "[n]one of the Underwriter Defendants made a reasonable investigation into the truthfulness and accuracy of the IPO and/or SPO Documents." Such allegations would be evaluated under Rule 8 if contained in a stand-alone complaint alleging violations only of the Securities Act; they will not be held to a higher standard because Plaintiff also exercised his right to sue Defendants for securities fraud under the Exchange Act. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) ("To require that non-fraud allegations be stated with particularity merely because they appear in a complaint alongside fraud averments . . . would impose a burden on plaintiffs not contemplated by the notice pleading requirements of Rule 8(a).").

Plaintiff made more than nominal efforts to distinguish the negligence-based claims from the fraud-based claims. The complaint expressly disclaims fraud, scienter, and the intent of

6

Defendants to defraud investors and painstakingly segregates the fraud and negligence claims. Each claim is set forth under its own heading and incorporates only certain factual allegations such that, although all claims follow a general recitation of the factual background, the Securities Act claims expressly do not incorporate the allegations supposedly supporting a finding of scienter and reliance.

The district court further found that Plaintiff's allegations that QTT intentionally adopted profit-seeking business strategies to disseminate illegal advertisements "simply do not sound in negligence." *In re Qutoutiao*, 2023 WL 4977499, at *14. However, although Plaintiff alleges QTT intentionally designed and implemented the underlying strategies, Plaintiff's Securities Act claims charge Defendants with negligently failing to disclose those strategies and their results— "that a fact was known and not disclosed does not mean, as a matter of law, that the circumstances of the resulting omission sound in fraud." *In re Orion Sec. Litig.*, 2009 WL 2601952, at *1 (S.D.N.Y. Aug. 20, 2009); *accord Citiline Holdings, Inc. v. iStar Fin. Inc.*, 701 F. Supp. 2d 506, 513 (S.D.N.Y. 2010) (same). The signer of, or underwriter with respect to, a registration statement under Section 11 of the Securities Act or the offeror or seller of a security under Section 12 may negligently fail to disclose conduct that another has engaged in intentionally.

Such circumstances may be contrasted with cases in which the plaintiff alleged that defendants intentionally concealed information in the filing at issue. *See, e.g.*, *Devaney v. Chester*, 813 F.2d 566, 568–69 (2d Cir. 1987) (applying Rule 9(b) pleading standard to Securities Act claims where plaintiffs alleged that Salomon Brothers prepared a prospective with the knowledge that the statements in the prospective were false); *Ellison v. Am. Image Motor Co.*, 36 F. Supp. 2d 628, 639 (S.D.N.Y. 1999) (Securities Act claims sound in fraud where plaintiff "has

7

taken pains to paint a picture of the unregistered stock as being an integral part of the alleged stock manipulation" and "incorporates by reference into the § 12(a)(1) claim each of the preceding allegations in the complaint, which unambiguously sound in fraud."); *Ladmen Partners, Inc. v. Globalstar, Inc.*, 2008 WL 4449280, at \*12 (S.D.N.Y. Sept. 30, 2008) (applying Rule 9(b) heightened pleading standard because, "while the [complaint] includes allegations that the Underwriter Defendants conducted deficient due diligence, the allegations are inextricably interwoven with suggestions that they deliberately turned a blind eye to known deficiencies" (cleaned up)); *see also U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, L.L.C.*, 554 F. Supp. 2d 523, 535 (S.D.N.Y. 2008) (in the context of the Commodity Exchange Act, Rule 9(b) governs the pleading standard for claims that defendant sought to "cover up" its manipulative scheme by submitting a letter containing false statements to the exchange). Here, although the underlying conduct was alleged to have been intentional, Plaintiff does not allege that the failure to disclose that conduct was either intentional or reckless.

In light of our conclusion that the district court applied the wrong standard to Plaintiff's Securities Act claims, we do not reach the parties' other arguments, all of which remain available to them on remand.

For the foregoing reasons, the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
